**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ADRIAN SHANNON**                                                              **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 2:03cv615-MTP**

**LARRY DYKES, ET AL**                                                         **DEFENDANTS**

<u>REPORT AND RECOMMENDATION</u>

The Plaintiff, an inmate at the Jones County jail, filed this matter in December of 2003 pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  Although this matter was filed in 2003, relatively little activity has occurred in the last year.  In an effort to bring this matter to resolution, the court entered a scheduling order [23] on October 31, 2006, setting the matter for trial and establishing other deadlines.   Shortly thereafter, the Sheriff of Jones County, in response to writs [25][26] that were issued for the plaintiff, sent a letter to the court indicating that plaintiff was no longer incarcerated in the Jones County jail.

On December 4, 2006, an order to show [33] cause was entered directing the plaintiff to respond in writing and to show cause why this matter should not be dismissed. The show cause order [33] mailed to plaintiff by certified mail to his last known address was returned as undeliverable and was marked "Return To Sender, Refused" as shown on the court docket [35].

The plaintiff has not complied with the show cause order and he has not contacted this court since August 4, 2005.  Moreover, plaintiff was warned on at least four other occasions that failure to comply with the court's orders or failure to advise of a change of address could result in a dismissal of this matter without further notice [3][6][7][9].  It is apparent from the plaintiff's failure to communicate with the court that he lacks interest in pursuing this claim and that

dismissal is warranted.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

The plaintiff–incarcerated or not–has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Uniform Local Rule 11.1; *see also Wade v. Farmers Ins. Group,* 45 Fed. Appx. 323, at *1 & n.12 (5th Cir. 2002)(on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

counsel will be conducted principally by mail." *Ainsworth v. Payne,* 2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

RECOMMENDATION

As the plaintiff has failed to prosecute his case and to comply with the court's orders,  it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) .

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of December, 2006.

s/ Michael T. Parker
United States Magistrate Judge